EL PUEBLO, DEMANDANTE Y APELADO, v. MATOS, ACUSADO Y
APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección 2ª., en causa por delito de acometimiento y agre-
sión con circunstancias agravantes.

No. 848.—Resuelto en julio 6, 1915.

ACOMETIMIENTO Y AGRESIÓN CON CIRCUNSTANCIAS AGRAVANTES—DELITOS CONTRA
EL PODER EJECUTIVO—INSPECTOR DE SANIDAD—DENUNCIA SUFICIENTE.—En
este caso se imputó al acusado el hecho de que voluntaria, ilegal, y con inten-
ción criminal de causar grave daño corporal al denunciante, que es un ins-
pector de sanidad, le acometió y agredió violentamente, agarrándolo por
los hombros y dándole fuertemente contra la pared de la carnicería, con
conocimiento de que el denunciante era un funcionario legal y que estaba
cumpliendo en aquel momento un deber oficial de su cargo, como era el
de decomisar cierta cantidad de carne que el acusado tenía en la carnicería
en estado de descomposición. Se resolvió: que la denuncia imputa el delito
de acometimiento y agresión con circunstancias agravantes previsto en la
Ley de marzo de 1904, y no el comprendido en el artículo 84 del Código Penal.
Véase El Pueblo v. Ramos, 13 D. P. R., 336.

Los hechos están expresados en la opinión.

Abogados del apelante: Sres. Tizol y Campillo.

Abogado del apelado: Sr. Salvador Mestre, Fiscal.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del
tribunal.

Celebrado en este caso un juicio de novo ante la Corte
de Distrito de San Juan, Sección 2ª., fué declarado culpable
el acusado del delito de acometimiento y agresión grave por
virtud de la denuncia formulada originalmente en la Corte
Municipal de Bayamón, la cual en su parte pertinente es como
sigue:

"Yo, Diego Guerrero, jefe local de sanidad, vecino de Toa Baja,
calle del Comercio, de 41 años, formulo denuncia contra el referido
acusado por delito acometimiento y agresión grave, cometido de la
manera siguiente: Que en 10 de octubre de 1914, hora 3 p. m., y en
la carnicería pública de Toa Baja del Distrito Judicial Municipal

de Bayamón, que forma parte del Distrito Judicial de San Juan,
P. R., el referido acusado, voluntaria, ilegal y con la intención cri-
minal de causarme daño corporal me acometió y agredió violenta-
mente agarrándome por los hombros y dándome fuertemente contra
la pared de dicha carnicería. Hago constar que el denunciado sabía
perfectamente que el exponente era un funcionario legal y que estaba
cumpliendo en aquel momento un deber oficial de su cargo, como es
el de decomisar cierta cantidad de carne que el acusado tenía en la
repetida carnicería en estado de descomposición.''

La corte de distrito declaró sin lugar las excepciones que
fueron interpuestos, en las cuales se alegaba:

''Que la corte municipal de Bayamón cometió error al calificar
el hecho denunciado como constitutivo de un delito previsto en la
ley de marzo de 1904, para determinar y castigar acometimiento y
agresión, acometimiento con circunstancias agravantes, y acometi-
miento y agresión con circunstancias agravantes, y para derogar la
sección 237 del Código Penal.

''Se ha acusado a Jacinto Matos de que voluntaria, ilegal y con
la intención criminal de causar daño corporal acometió y agredió
violentamente por los hombros y dándole fuertemente contra la pared,
sabiendo perfectamente que era un funcionario legal y que estaba
cumpliendo en aquel momento un deber oficial de su cargo. La ley
aplicable a este caso es el artículo 84 del Código Penal que dice:

'' 'Toda persona que intentare por medio de amenaza o violen-
cia, impedir a un funcionario ejecutivo que cumpla cualquier obli-
gación impuéstale por la ley, o que a sabiendas ofreciere resisten-
cia a dicho funcionario en el cumplimiento de su deber, empleando
viva fuerza o violencia, incurrirá en una multa máxima de $500 y
pena de presidio por un término máximo de cinco años.' ''

El caso de *El Pueblo* v. *Ramos,* 13 D. P. R., 336, única
autoridad que ha sido citada por el apelante no sostiene la
proposición expresada, sino más bien lo contrario. En la
denuncia no solamente se imputa claramente el delito por el
cual fué declarado culpable el acusado y no otro delito, sino
que la prueba todavía da menos lugar a duda respecto a
si el delito que realmente se cometió fué debidamente con-
siderado como acometimiento y agresión grave. No existe

error aparente de la faz de los autos y la apelación es demasiado frívola para ser considerada seriamente.

Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.